Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment of the circuit court, *221 obtained by Biggs on the trial of the general issue, in an action brought by him against Hodges.
The declaration contains two counts, but as the points made in this court relate exclusively to the second, our attention need be turned to that only.
That count states, that whereas, on the day of the said William Hodges having before that time, obtained a judgment against the said Andrew Biggs, in the Montgomery circuit court, for the cost of defending a certain injunction in said court, the said Hodges sued out of the clerk’s office of said court a certain writ of fieri facias, to the sheriff of Greenup county directed, whereby the said sheriff was commanded that of the estate of said Biggs he should cause to be made the sum of $14 98 cents, which the said Hodges had recovered of the said Biggs for his costs in defending, the said injunction in the Montgomery circuit court, which said writ of fieri facias being presented to the said Biggs by the sheriff of Greenup county, was, on the day of paid and discharged by him the said Biggs, paying to the sheriff the sum of money in said writ contained whereby the said writ became fully and completely satisfied and discharged, and the estate of said Biggs wholly and absolutely released therefrom; yet the said Hodges, well knowing the premises, but contriving, and fraudulently, ingeniously, unjustly and maliciously to hurt, injure, oppress and aggrieve the said Biggs, and to cause his property in another distant part of the commonwealth to be privately and without his knowledge, exposed to sale and sacrificed, afterwards, to wit, on the 31st day of August, 1815, at Mountsterling, to wit, in the county and circuit of Montgomery, sued out one other writ of fieri facias on the same judgment which had been satisfied, paid and discharged as aforesaid, to the sheriff of Rockcastle county directed, whereby it was commanded the said sheriff that of the estate of said Biggs he cause to be made the sum of $15 22, being the amount of the aforesaid execution, with the addition of 33 cents, clerk’s fee for the said last writ of fi. fa. so recovered as aforesaid, which said writ of fi. fa. the said William caused and procured to be delivered to the said sheriff of Rockcastle, and to be levied upon a negro boy Charles, then and there being the property of said Biggs, and by virtue thereof, privately and fraudulently caused the said slave to be sold under color of the said writ of fi. fa. for a small sum, to wit, the sum of *222 $16 34, by means whereof the said Biggs says he is greatly injured and hath sustained damages, &c.
A party excepting, should spread the testimony on the record, failing to do so, every intendment will be indulged in favor of the judgment Lelow.
On the trial in the circuit court, the counsel of Hodges moved the court to instruct the jury that if they should be of opinion, from the evidence in the cause, that the execution under, which the sale in the declaration mentioned was made, was not issued by direction of Hodges, and not sent by him to the sheriff of Rockcastle, but by capt. Daniel, to whom he assigned it, and not directed to be levied by him, and that all the proceedings were done without his procurement, under the direction of Daniel, to whom it was assigned, that then they should find for the said Hodges. The court accordingly, so far as respects the right of Biggs to recover under the first count in the declaration, gave the instructions, but at the instance of the counsel of Biggs, qualified the instruction, by directing the jury that if they were of opinion that the execution sent to Greenup for the same amount and on the same judgment as stated in the second count, had been satisfied and paid to the sheriff, that then Hodges was liable to Biggs’ action under the second count in the declaration, although he did not know that the same was satisfied, and although he had nothing to do with issuing the second execution to Rockcastle, and was wholly unconcerned, except in the assignment of the execution to capt. Daniel: The declaration is clearly sufficient. Whether, therefore, the court decided correctly in giving the instructions, is the only question material to be particularly examined in the present contest.
From any thing apparent in the record, we are totally at a loss to perceive the facts upon which the decision of the court was predicated. The bill of exceptions contains no statement of the evidence, and the record furnishes nothing from which we can infer either the nature or weight of evidence upon which the parties thought proper to rest the decision of their cause.
But as the party excepting to the decision of the court has not thought proper to make the evidence part of the record, every intendment should be indulged against him, and in reviewing that decision, this court should presume every fact susceptible of proof, and not repugnant to the statements contained in the bill of exceptions, to have been fully established.
Thus proceeding, the principle is not perceived upon which the decision ought to be disturbed.
A plaintiff in execution assigning the same is liable for any illegal act done by the assignee under the execution, tho' in fact not done with the privity of the assignor.
Hardin for plaintiff. Wickliffe for defendant.
Whether or not Hodges would have been liable on account of the sale made under the execution sent to Rockcastle, if, when that execution issued, he might lawfully have caused it to issue, or knew nothing of the satisfaction of that which had previously been transmitted to Greenup, need not, in the present case, he decided; for, he that as it may, he was clearly liable, if before that to Rockcastle issued, the one to Greenup had been returned executed; and it does not appear, from any thing in the exceptions, that such a return was not made.
After such a return, it would be illegal to issue a second execution, and although Hodges might, in fact, be ignorant of it, he was, in legal contemplation, bound to know it, and must be liable for the damage resulting to Biggs under the execution which was thereafter sent to Rockcastle.
Had the execution been taken out and sent to Rockcastle by another, without his knowledge or authority, he might not have been liable, but although not privy to the issuing, by assigning the execution to Daniel, he approved the act and must be accountable for the consequences.
But although liable for any damage resulting from the second execution, before Biggs could recover, it certainly devolved on him to shew that he had sustained an injury, and as that was properly the subject of contest, depending upon the introduction of testimony, it would have been irregular for that court to have taken upon itself the decision of the facts. It does not, however, appear in this case, that those facts were contested; they may have been conceded by the parties, and as Hodges’ application to the court seems to have been intended to obtain the decision of the court as to his liability for the acts of Daniel, in causing the execution to issue, it is most probable the fact of actual injury was intended to be admitted.
We are of opinion, therefore, that the record furnishes nothing from which an error in the decision of the court can be inferred.
The judgment must be affirmed with cost and damages.